IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FREDDIE EASON                                                                                        PLAINTIFF

v.                    Civil No. 4:24-CV-04131-SOH-BAB

LIEUTENANT RAMI COX, Lafayette County Detention Center (LCDC); and
MS. JENNA, LCDC,                                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Freddie Eason, a prisoner,[1] filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that the defendants failed to protect him from other inmates and denied him adequate medical care in violation of his constitutional rights when he was detained at the Lafayette County Detention Center ("LCDC"). *See* (ECF No. 4). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 6). The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but Plaintiff did not affirmatively consent to the jurisdiction of the magistrate judge within the required timeframe. *See* 28 U.S.C. § 636(c). Accordingly, this case was automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute this case.

---

[1] Plaintiff was detained at the Lafayette County Detention Center ("LCDC") during the events giving rise to his claims. (ECF No. 4). Plaintiff's current whereabouts are unknown.

1

I.     BACKGROUND

On Defendant 20, 2024, Plaintiff filed the above-captioned civil rights action (ECF No. 1), but he did not pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"). Accordingly, this Court ordered Plaintiff to either pay the statutory filing fee or submit an IFP application by January 10, 2025, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 2). That Order also directed Plaintiff to submit an amended complaint on this District's court-approved § 1983 form by that same date.

On January 6, 2025, Plaintiff submitted an Amended Complaint and IFP Application. (ECF Nos. 4-5). The next day, this Court granted Plaintiff's request to proceed IFP. (ECF No. 6). That Order also directed Plaintiff to provide a notice of change of address within thirty (30) days of any such change, failing which this matter would be subject to dismissal. *Id.* This Order has not been returned as undeliverable. After preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered service on the defendants. (ECF No. 8). On January 13, 2025, this Court issued a notice reminding Plaintiff that he is required to return the consent to magistrate judge jurisdiction form, indicating either his consent or nonconsent to the jurisdiction of the magistrate judge by February 3, 2025. (ECF No. 10). When Plaintiff did not submit the completed form as ordered, this matter was assigned to United States District Court Chief Judge Susan O. Hickey and then referred to the undersigned.

On February 6, 2025, this Court received notice that service on the Defendants was executed on January 27, 2025. (ECF No. 11). On February 10, 2025, Plaintiff's mail—namely, a copy of his Amended Complaint and IFP application—were returned as undeliverable and marked "return to sender, unable to forward." (ECF No. 12). Consistent with the Local Rules,

Plaintiff's updated address was due by March 12, 2025. That day has now passed, and Plaintiff has not submitted a notice of change of address with the Court. Indeed, Plaintiff has not communicated with this Court at all since he submitted his IFP application and Amended Complaint, over two months ago.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

## III.     ANALYSIS

Plaintiff has violated the Court's order—namely, the Court's IFP Order—and the Local Rules in failing to inform the court of his current address within 30 days of a change of address. Plaintiff, therefore, has failed to comply with court orders and the Local Rules. Plaintiff has also

failed to provide any excuse for his noncompliance. Plaintiff's current whereabouts, moreover, are unknown. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court recommends that this matter be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

### IV.   CONCLUSION

For the reasons discussed above, it is recommended that this matter be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 18th day of March 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE